UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIDEWIRE SOFTWARE, INC., | ) Case No. 12-CV-03224-LHK |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION TO STAY THE ACTION IN |
| DENNIS CHOOKASZIAN, | ) FAVOR OF ARBITRATION AND |
| | ) DENYING PLAINTIFF'S MOTION TO |
| Defendant. | ) STAY ARBITRATION |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss or Alternatively Stay the Action in Favor of Arbitration (ECF No. 7 ("Def. Mot.")), and Plaintiff's Motion to Stay Arbitration (ECF No. 12 ("Pl. Mot")) (collectively "Motions"). Both parties have filed oppositions to the Motions, ECF Nos. 17 ("Pl. Opp'n"), 20 ("Def. Opp'n"), and replies in support of the Motions, ECF Nos. 22 ("Def. Reply"), 23 ("Pl. Reply").[1]

Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing pursuant to

---

[1] The parties' motions discuss the same arbitrability issue.

United States District Court
For the Northern District of California

Civil Local Rule 7–1(b).  Accordingly, the hearing on the parties' Motions and the Case Management Conference set for November 8, 2012 are VACATED.

The Court hereby GRANTS Defendant's motion to the extent it seeks to stay this action, DENIES Plaintiff's Motion to Stay Arbitration, and STAYS all further proceedings in this action until the earlier of: (1) completion of the arbitration involving the same parties and claims currently pending before the American Arbitration Association; or (2) 20 days after any ruling by the arbitrators that the parties' claims therein are not arbitrable.

## I.   Procedural Posture

On April 26, 2012, Defendant Dennis Chookaszian ("Defendant") filed a complaint with the American Arbitration Association (the "AAA") asserting six claims against Plaintiff Guidewire Software, Inc.[2] ("Plaintiff") for: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) conversion, (4) unjust enrichment, (5) quantum meruit, and (6) fraud.  ECF No. 8 ("Chookaszian Decl.") Ex. C; *see* Pl. Mot. at 1.

On May 24, 2012, Plaintiff filed a complaint in the Superior Court of California for the County of Santa Clara seeking declaratory relief with respect to Defendant's stock option and also a declaration regarding whether the dispute is arbitrable.  Pl. Mot at 1; ECF No. 1 Ex. A ("Complaint") ¶¶ 41-48.  On May 25, 2012, Plaintiff then filed a motion to stay the arbitration pending the outcome of litigation.  *Id.*  On June 21, 2012, Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Id.*  The parties have agreed to stay the arbitration until the Court rules on the instant motions.  Pl. Opp'n, Donohue Decl. at ¶ 11.

## II.   Factual Background

On November 10, 2001, Defendant accepted Plaintiff's offer for a position on its advisory board.  Pl. Mot. at 1; Chookaszian Decl. Ex. A ("Letter Agreement").  The offer letter ("Letter

---

[2] Guidewire Software, Inc. was formerly known as Centrica Software, Inc.  Def. Mot. at 3.

2

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Agreement") stated that Plaintiff was required "to grant Defendant the option to purchase 25,000 shares of [Plaintiff's] common stock at an exercise price equal to the fair market value on the date of grant, as determined by the board of directors." Pl. Mot. at 1-2; *see* Letter Agreement at 1. The Letter Agreement further stated that the "stock shall be subject to other standard provisions set forth in a restricted stock purchase agreement, which must be executed by [Defendant] and the Company prior to such grant." Letter Agreement at 1.

       The Letter Agreement also contained an arbitration clause that stated:

> Any controversy between the parties hereto involving the construction or application of any terms, covenants or conditions of this Letter Agreement, or any claims arising out of or relating to this Letter Agreement or the breach thereof or with your service to the Company or any termination of that service, will be submitted to and settled by final and binding arbitration in Palo Alto, California, in accordance with the Model Employment Dispute Resolution Rules of the American Arbitration Association (the "Rule") then in effect, and an arbitrator shall be selected pursuant to such Rules and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

Letter Agreement at 1.

       On May 30, 2002, Plaintiff granted Defendant an option to purchase 25,000 shares of stock as specified in the Notice of Grant. Pl. Mot. at 2; Chookaszian Decl. Ex. B ("Notice of Grant"). The Notice of Grant stated that the option was granted subject to and in accordance with the terms of the 2002 Stock Option/Stock Issuance Plan (the "Plan"), the Stock Option Agreement, and the Stock Purchase Agreement. Notice of Grant at 1. None of the above documents contained an arbitration provision. Pl. Mot. at 2-3; *see* Notice of Grant; Chookaszian Decl. Ex. B-C (the "Plan"); Chookaszian Decl. Ex. B-A ("Stock Option Agreement"); Chookaszian Decl. Ex. B-B ("Stock Purchase Agreement"). The Stock Option Agreement and the Plan both contained provisions stating that the stock option would terminate and cease to be outstanding three months after "cessation of service." Pl. Mot. at 2; Stock Option Agreement § 5(a); the Plan at 5. Both the

3

Stock Option Agreement and the Plan also defined the term "service."  Stock Option Agreement at A-3; the Plan at A-4.

Around November 1, 2011, Defendant contacted Plaintiff's CEO to exercise the stock option.  Chookaszian Decl. ¶ 9.  On November 3, Plaintiff's CEO informed Defendant that the option had been cancelled.  *Id.* ¶ 11.  Plaintiff's in-house counsel later told Defendant that the stock option was "cancelled pursuant to the 'Cessation of Services' provision" in the Stock Option Agreement.  *Id.* ¶ 12.  Plaintiff contends that "Defendant has not provided service to [Plaintiff] since at latest, 2006," and that "[Plaintiff] cancelled Defendant's option several years ago in accordance with the terms of the Plan and Stock Option Agreement."  Pl. Mot. at 3.  Defendant, however, alleges that he has "provided extensive consulting services to [Plaintiff] over the past 10 years and continue[s] to work on behalf of the company."  Chookaszian Decl. ¶ 7; *see* Def. Mot. at 4.  Defendant also alleges, and it is not contested, that Plaintiff never provided notice to him that his services were terminated or ceased, or that his stock option was cancelled.  Chookaszian Decl. ¶ 13; Def. Mot. at 5.

In January 2012, Defendant "sent a formal request to exercise the stock option[], along with a $1,250 check for the exercise price."  Chookaszian Decl. ¶ 14; Def. Mot. at 5.  Plaintiff again responded, this time in writing, that Defendant's option had been cancelled.  Chookaszian Decl. ¶ 15; Def Mot at 5; Pl. Mot. at 3.  Days after Defendant's second attempt to exercise his option, the company had a successful initial public offering.  Chookaszian Decl. ¶ 16; Def. Mot. at 5; *see* Pl. Mot. at 3.  The 25,000 shares of Plaintiff's stock were valued over $700,000 as of June 26, 2012.  Chookaszian Decl. ¶ 17; Det. Mot. at 5; *see* Pl. Mot. at 3 (valuing the stocks at over $650,000 as of May 2012).  Defendant then initiated the arbitration proceeding on April 26, 2012, asserting that "[Plaintiff] breached its agreement with him, as well as the duty of good faith and fair dealing implied in that agreement, converted his property, was unjustly enriched because it cancelled his

4

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

sole compensation for services, owes him compensation under the theory of quantum meruit[,] and committed fraud."  Def. Mot. at 5.

## III.   Legal Standard

The Federal Arbitration Act ("FAA") contains a mandatory stay provision:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

## IV.   Discussion

The instant Motions raise the question of who has the power to decide arbitrability, the Court or the arbitrator.  Defendant contends that because the dispute relates to the Letter Agreement which contains an arbitration clause, an arbitrator should decide arbitrability pursuant to the Model Employment Dispute Resolution Rules of the American Arbitration Association as stated in the Letter Agreement.  Def. Mot. at 7-9.  Plaintiff, however, contends that the Court should decide the matter of arbitrability, and that because the dispute only "requires interpretation of the terms of the Stock Option Agreement and the Plan," the arbitration clause in the Letter Agreement is not implicated.  Pl. Opp'n at 5-6.  The Court agrees with Defendant that, in this case, the matter of arbitrability is for the arbitrator to decide.

The Supreme Court has held that the question of "who has the power to decide arbitrability" turns upon what the parties agreed about that matter.   *First Options of Chi. v. Kaplan, et al.*, 514 U.S. 938, 943 (1995).  "If … the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question…."  *Id*.  However, if there is clear and unmistakable evidence that the parties intended that questions of arbitrability be

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

1   decided by the arbitrator, the arbitrator should decide those issues. *Id.* at 943-44 ("Courts should

2   not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and

3   unmistakabl[e]' evidence that they did so.").

4           In cases where the parties "clearly and unmistakably intend to delegate the power to decide

5   arbitrability to an arbitrator," the Court's inquiry is "limited… [to] whether the assertion of

6   arbitrability is 'wholly groundless.'" *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed.

7   Cir. 2006) (applying Ninth Circuit law).  "If the court finds that the assertion of arbitrability is not

8   'wholly groundless,' then it must stay the trial of the action pending a ruling on arbitrability by an

9   arbitrator." *Id.* at 1372.

10          Accordingly, the Court will first address whether the parties clearly and unmistakably

11  intended to delegate the power to decide arbitrability to the arbitrator.  The Court will then address

12  whether the assertion of arbitrability is wholly groundless.

13  **A.  Clear and Unmistakable Intent**

14          Defendant argues that the explicit incorporation of "the Model Employment Dispute

15  Resolution Rules of the [AAA]" ("AAA Rules") in the arbitration clause in the Letter Agreement

16  evinces a clear and unmistakable agreement that questions of arbitrability would be submitted to

17  arbitration for resolution.  Def. Mot. at 7-9; Chookaszian Decl. Ex. A at 1.  The Court agrees.

18          "When the arbitration agreement explicitly incorporate[s] rules that empower an arbitrator

19  to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the

20  parties' intent to delegate such issues to an arbitrator." *Clarium Capital Management LLC v.

21  Choudhury*, No. C 08-5157 SBA, 2009 WL 331588, at *5 (N.D. Cal. Feb. 11, 2009) ; *see also

22  Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005) (holding that by

23  incorporating AAA rules, including rule authorizing arbitrator to determine the issue of

24  arbitrability, "the parties clearly and unmistakably agreed that the arbitrator should decide whether

6

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

the arbitration clause is valid"); *Contec Corp. v. Remote Solution, Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) ("[W]hen, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

In the instant case, the arbitration clause in the Letter Agreement explicitly incorporates the AAA Rules (*see id.* at 1), which provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." AAA Employment Arbitration Rules and Mediation Procedures Rule 6.[3] "The incorporation of the AAA rules in the arbitration agreement is 'clear and unmistakable' evidence of the parties' intent to delegate the issue of arbitrability to the arbitrator." *Clarium Capital Management LLC*, 2009 WL 331588 at *5; *see also Terminix Int'l Co.*, 432 F.3d at 1332 (holding that by incorporating AAA rules, including rule authorizing arbitrator to determine the issue of arbitrability, "the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid"); *Contec*, 398 F.3d at 208 (holding that incorporation of AAA rules was clear and unmistakable evidence that the parties agreed that the arbitrator should decide whether the arbitration clause is valid).

**B. Wholly Groundless**

If "the court concludes that the parties to the agreement did clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator, then the court should perform a second, more limited inquiry to determine whether the assertion of arbitrability is 'wholly

---

[3] Available at: http://www.adr.org/aaa/faces/rules.  The Court understands that the AAA "Employment Arbitration Rules and Mediation Procedures" are the current version of the "Model Employment Dispute Resolution Rules of the AAA" referred to in the Letter Agreement.  *See* Letter Agreement at 1 (incorporating the Model Employment Dispute Resolution Rules of the AAA); Def. Mot. at 8 (stating that the AAA Employment Arbitration Rules and Mediation Procedures are the "current, and applicable," version of the Model Employment Dispute Resolution Rules of the AAA).

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

groundless.'"  *Qualcomm*, 466 F.3d at 1371.  Because the Court finds that the parties did clearly

and unmistakably intend to delegate power to decide arbitrability to an arbitrator, the Court will

now conduct the "wholly groundless" inquiry.  As set forth in *Qualcomm*, in conducting this

inquiry:

> [T]he district court should look to the scope of the arbitration clause and the precise issues
> that the moving party asserts are subject to arbitration.  Because any inquiry beyond a
> 'wholly groundless' test would invade the province of the arbitrator, whose arbitrability
> judgment the parties agreed to abide by in the [agreement], the district court need not, and
> should not, determine whether [the appellants'] [claims] are in fact arbitrable.  If the
> assertion of arbitrability is not "wholly groundless," the district court should conclude that
> it is "satisfied" pursuant to section 3.

*Qualcomm*, 466 F.3d at 1374.

The scope of the arbitration clause in the instant case is broad.  It encompasses "[a]ny

controversy between the parties hereto involving, or any claims arising out of or relating to this

Letter Agreement or the breach thereof or with [Defendant's] service to [Plaintiff] or any

termination of that service."  Chookaszian Decl. Ex. A at 1.  The dispute in the instant case relates

to stock options granted to Defendant in exchange for his service as a consultant and member of

Plaintiff's Advisory Board.  *Id.*  The nature of Defendant's service and the grant of the stock

options were first outlined in the Letter Agreement.  *Id.*  Thus, the case appears to "aris[e] out of or

relat[e] to th[e] Letter Agreement… or… [Defendant's] service to [Plaintiff] or any termination of

that service."  Chookaszian Decl. Ex. A at 1.  Defendant's claim that this matter should be referred

to arbitrartion is therefore not wholly groundless.

Plaintiff contends that the arbitration clause in the Letter Agrement is not implicated in this

case.  Plaintiff argues that Defendant ceased providing services in 2006, and that, as a result,

Defendant's stock options were cancelled pursuant to the provisions of the Stock Agreement and

the Plan pertaining to the "cessation of Service."  Pl. Opp'n at 6-7.  Thus, Plaintiff contends that

"[t]his dispute" concerns and "requires interpretation of the terms of the Stock Option Agreement

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

United States District Court
For the Northern District of California

1   and the Plan" and not the Letter Agreement.  Pl. Opp'n at 6.  Plaintiff contends that because neither

2   the Stock Option Agreement nor the Plan include arbitration clauses, Defendant's claim that this

3   matter is subject to arbitration is without merit.  *Id.* at 7-8.

4          While Plaintiff's arguments may ultimately prove to be correct, these arguments should be

5   raised before the arbitrator.  As set forth above, the Court is convinced that Defendant's arbitration

6   claim is not wholly groundless.  The arbitration clause in the Letter Agreement is broad.  It

7   provides for arbitration of any matter "involving[] or… arising out of or relating to th[e] Letter

8   Agreement… [or Defendant's] service to" Plaintiff.  Chookaszian Decl. Ex. A at 1.  The instant

9   action involves: (1) issues relating to stock options that were originally provided for in the Letter

10  Agreement, and (2) Defendant's service (or lack thereof) to Plaintiff.  The Court therefore

11  concludes that there is sufficient evidence that Defendant's claim that this matter is arbitrable is not

12  wholly groundless.  *See Qualcomm*, 466 F.3d at 1374 ("Because any inquiry beyond a 'wholly

13  groundless' test would invade the province of the arbitrator, whose arbitrability judgment the

14  parties agreed to abide by in the [agreement], the district court need not, and should not, determine

15  whether [the appellants'] [claims] are in fact arbitrable.").[4]

16          Because the Court concludes that Defendant's claim that this matter is arbitrable is not

17  wholly groundless, the Court must stay these proceedings pursuant to 9 U.S.C. § 3.  *See*

18
19
20
21  ─────────────────
22  [4] Plaintiff also argues that this suit is not subject to arbitration because it does not "'touch[]
    matters' covered by the" Letter Agreement.  Pl. Opp'n at 8 (arguing that "the 'touch matters'
23  standard is irrelevant where, as here, other contracts exist that encompass the dispute and that lack
    an arbitration clause") (citing *Mirant Americas Energy Mktg. LP v. 1st Rochdale Co-op. Group,
24  Ltd.*, 363 F. Supp. 2d 679, 682 (S.D.N.Y. 2005); *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of
    Pittsburgh, Pa.*, 411 F.3d 669, 673 (6th Cir. 2005); *In re Hops Antitrust Litig.*, 655 F. Supp. 169,
25  172 (E.D. Mo. 1987)); *see also* Def. Mot. at 9 (arguing that the matters in this action are arbitrable
    because the Letter Agreement provides for arbitration of "any claims… relating to th[e] Letter
26  Agreement").  The Court need not resolve this issue because the Court is convinced that, based on
    the broad "relating to" language in the arbitration clause in the Letter Agreement, Defendant's
27  assertion of arbitration is not "wholly groundless."  *Qualcomm*, 466 F.3d at 1374.

28
                                        9
    Case No.: 12-CV-03224-LHK
    ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
    ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

*Qualcomm*, 466 F.3d at 1374.  For the same reason, Plaintiff's request that the arbitration be stayed (*see* Pl. Mot. at 7-9) must be denied.

**V.  Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration and to Dismiss or Alternatively Stay the Action in Favor of Arbitration is GRANTED to the extent it requests a stay of this action.  Plaintiff's Motion to Stay Arbitration is DENIED. This action is STAYED until the earlier of: (1) completion of the arbitration involving the same parties and claims currently pending before the American Arbitration Association; or (2) 20 days after any ruling by the arbitrator that the parties' claims are not arbitrable.

The Court requests that the parties consider stipulating to a dismissal of this case without prejudice with a tolling agreement.  If the parties do not stipulate to such a dismissal, the parties shall file a status report regarding the status of the arbitration and whether the parties wish the stay to continue every six months from the date of this order.  The first status report shall be due April 30, 2012.

The Clerk's Office shall administratively close the file.

**IT IS SO ORDERED.**

Dated: October 31, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 12-CV-03224-LHK
ORDER GRANTING DEFENDANT'S MOTION TO STAY THE ACTION IN FAVOR OF
ARBITRATION AND DENYING PLAINTIFF'S MOTION TO STAY ARBITRATION

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28